IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHARILIANA JOHANA ZAMBRANO ROMERO, Petitioner, | § | |
| v. | § | No. 3:26-cv-3167-B (BT) |
| WARDEN, PRAIRIELAND DETENTION FACILITY, et al., Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se immigration detainee Johariliana Johana Zambrano Romero—a native and citizen of Venezuela currently litigating her removal from the United States—filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her immigration detention. Pet. (ECF No. 3). She also filed several motions seeking injunctive relief including: (1) a motion for a temporary restraining order (TRO) to enjoin her transfer from this District or removal from the United States during the pendency of this habeas action (ECF No. 4); (2) a motion to stay her removal during the pendency of this habeas action (ECF No. 5); (3) a motion for immediate release or a particularized bond hearing (ECF No. 6); and (4) a motion to enjoin Respondents from re-arresting or re-detaining her following release (ECF No. 7). For the following reasons, the District Judge should **deny** Petitioner's motions.

**Legal Standards and Analysis**

Petitioner's motions seek injunctive relief. To obtain a preliminary injunction[1], the movant must show: 1) a substantial likelihood of success on the merits; 2) a substantial threat that the failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse impact on the public interest. *Canal Auth. of Florida. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). "A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Further, preliminary injunctive relief should not "conclusively resolve legal disputes[,]" and thus a temporary restraining order is an inappropriate vehicle for granting ultimate relief. *Lackie v. Stinnie*, 604 U.S. 192, 200 (2025). A court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or temporary restraining order. *See*, *e.g.*, *Torres Perez v. Warden of Prairieland Det. Ctr.*, 2026 WL 776039, at *1 (N.D. Tex.

[1] Petitioner's motion to prevent re-arrest or re-detention (ECF No. 7) is more like a motion for permanent injunctive relief. But "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction." *Rx.com v. Hruska*, 2006 WL 2583434, at *8 (S.D. Tex. Sept. 7, 2006) (collecting cases). The only difference is that the movant must show actual success on the merits, rather than a substantial likelihood of success. *Id.*

Mar. 19, 2026) (Brown, J.); *see also* *Cano Alvarez v. S. La. Processing Ctr.*, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026). Rather, preliminary injunctive relief preserves the status quo at the time the lawsuit was filed and prevents irreparable harm to the movant so that a court can "render a meaningful decision after a trial on the merits." *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Callaway*, 489 F.2d at 572).

1. Petitioner is not entitled to an order enjoining her removal or transfer. (ECF Nos. 4 & 5).

Petitioner fears that she will be removed from the United States or transferred to another jurisdiction before this Court can resolve her habeas petition. *See* Mot. for TRO; Mot. to Stay Removal. She argues that this would irreparably injure her because it would moot her petition before this Court could adjudicate it. But this Court would retain jurisdiction to rule on Petitioner's habeas petition if she were transferred to another District, so Petitioner's transfer cannot result in irreparable harm under a loss of jurisdiction theory. *See* *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

And Petitioner fails to show her removal from the United States is imminent. She speculates—without any factual support—that Respondents will immediately remove her in retaliation for filing a habeas petition. *See*, *e.g.*, Mot. for TRO at 4. Such conclusory allegations, however, are insufficient to warrant injunctive relief. *See*, *e.g.*, *Lotter v. Lyons*, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). This

is especially true here because there is no sign that Petitioner is even subject to a final order of removal. Instead, online records show that Petitioner is still litigating her removal. *See* https://acis.eoir.justice.gov/en/caseInformation (search for A #220-742-396; last visited September 21, 2026). Thus, Petitioner fails to show irreparable harm in the absence of an order enjoining her transfer or removal, and her motions seeking that relief (ECF Nos. 4, 5) should be denied.

2. Petitioner's motion for immediate release or a bond hearing improperly seeks ultimate habeas relief (ECF No. 6).

Petitioner also moves for immediate release or an individualized bond hearing at which the Government must justify her continued detention. *See* Mot. for Release. But that is the same relief Petitioner seeks in her habeas petition. Pet. at 21. And a court cannot award a habeas petitioner ultimate relief in the form of a preliminary injunction. *See*, *e.g.*, *Perez v. Noem*, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025) (collecting cases) (Horan, J.), *rec. accepted* 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025) (Kinkeade, J.). Therefore, the District Judge should deny Petitioner's motion for release or a bond hearing (ECF No. 6).

3. Petitioner is not entitled to an order enjoining Respondents from re-arresting or re-detaining her (ECF No. 7).

Finally, Petitioner seeks an order enjoining Respondents from re-arresting or re-detaining her following her release in this case absent "new and materially different" factual circumstances. Mot. to Prohibit Re-Arrest. This motion is premature. The Court has not yet ordered service on Respondents, much less determined that Petitioner has a right to release. Therefore, the District Judge

should deny Petitioner's motion to prohibit re-arrest or re-detention following release (ECF No. 7).

**Recommendation**

The District Judge should **DENY** Petitioner's (1) motion for a temporary restraining order (ECF No. 4); (2) motion to stay removal pending adjudication of the petition for writ of habeas corpus (ECF No. 5); (3) motion for immediate release or bond hearing (ECF No. 6); and (4) motion to prohibit re-arrest or re-detention following release (ECF No. 7).

SO RECOMMENDED.

September 22, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).